José González Cádiz, demandante, *v.* Vicente Ortiz López, demandado; El Pueblo de Puerto Rico, apelante.

No. 6399.—*Sometido:* Junio 19, 1933. *Resuelto:* Junio 24, 1933.

*Hon. Procurador General Charles E. Winter* y *R. Cordovés Arana, Subprocurador,* abogados del apelante; *González Fagundo & González Jr.,* abogados del demandante.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

José González Cádiz inició procedimiento ejecutivo hipo-

tecario contra Vicente Ortiz López y su esposa Paula Ortiz, y obtuvo la ejecución de una finca que le fué hipotecada por los demandados en garantía de un préstamo que les facilitara. Mientras se tramitaba este procedimiento ejecutivo sumario, El Pueblo de Puerto Rico remató la finca hipotecada en cobro de contribuciones adeudadas por Vicente Ortiz López, e inscribió su título en el Registro de la Propiedad.

El demandante José González Cádiz, alegando que no tuvo conocimiento de la referida venta hasta el momento en que trató de inscribir su título, adquirido en virtud de venta judicial, solicitó de la corte inferior que se citara a El Pueblo de Puerto Rico para que de acuerdo con el artículo 71 de la Ley Hipotecaria liberara la finca si así lo deseaba, pagando al demandante la suma consignada en el auto de requerimiento, apercibiéndole de que, de no hacerlo así, se ordenaría la cancelación de su inscripción de dominio en el registro de la propiedad.

De acuerdo con la solicitud del demandante, la corte de distrito dictó una orden que en lo pertinente dice así:

"... visto el artículo 71 de la Ley Hipotecaria y la jurisprudencia del Tribunal Supremo de Puerto Rico en el caso de Arroyo v. Zavala, se ordena que El Pueblo de Puerto Rico sea notificado de la venta en pública subasta y adjudicación de la finca hipotecada, realizada en este caso, para que si lo estima conveniente a su derecho, pueda liberar la antedicha finca pagando las cantidades consignadas en el auto de requerimiento de que la misma responde, ... apercibiéndole de que si así no lo hiciere dentro del término de diez días de notificado, se procederá a cancelar en el Registro de la Propiedad de Humacao la inscripción de su dominio sobre la finca mencionada."

El Pueblo de Puerto Rico solicitó que se anulara y dejara sin efecto la orden anteriormente transcrita, y la corte, luego de oír a las partes, declaró sin lugar la moción y dejó subsistente la referida orden.

El Pueblo de Puerto Rico alega que adquirió un título absoluto a la referida propiedad, al hacer efectivo un crédito por contribuciones de ingresos adeudadas por Vicente Ortiz

López, que tiene preferencia sobre el crédito hipotecario constituído a favor del demandante. La corte de distrito desestimó la moción por entender que el procedimiento tramitado por el Tesorero fué un acto claramente *ultra vires,* carente por completo de toda validez legal.

Apeló El Pueblo de Puerto Rico de la resolución de la corte inferior y ahora comparece el demandante solicitando que se desestime la apelación porque no aparece de la misma que el demandado Vicente Ortiz fuese notificado del recurso, y porque la resolución de la Corte de Distrito de Humacao no es una resolución apelable de acuerdo con lo dispuesto en el artículo 295 del Código de Enjuiciamiento Civil.

En cuanto al primer motivo de desestimación alegado por el demandante, entendemos que una vez adjudicada la finca al acreedor hipotecario, éste no tiene interés alguno en que se cancele o se deje de cancelar la inscripción que aparezca en el registro a favor de una tercera persona sobre el dominio de dicho inmueble. Ésta es una cuestión que afecta exclusivamente a El Pueblo de Puerto Rico y al acreedor hipotecario. El Sr. Vicente Ortiz López dejó de ser dueño de la finca y no necesita ser notificado.

En cuanto a que la orden dictada por la corte de distrito no es apelable, el demandante se limita a sostener la negativa, sin aducir argumento alguno en apoyo de su contención, y la parte apelante nos dice que ésta es una sentencia que lleva consigo, como consecuencia inevitable, la cancelación de una inscripción hecha en el registro de la propiedad a favor de El Pueblo de Puerto Rico, y que además tiene el carácter de una providencia especial dictada después de sentencia definitiva. La cancelación fué decretada por la corte en una orden posterior que también ha sido apelada y que prácticamente envuelve las mismas cuestiones que se ventilan en este caso, pudiendo ambas órdenes considerarse como formando parte de una sola apelación.

Aunque es la primera vez que esta cuestión se plantea directamente ante este tribunal, existen dos decisiones en las

cuales se han resuelto en sus méritos recursos de apelación interpuestos con motivo de la aplicación del artículo 71 de la Ley Hipotecaria. En el caso de *Arroyo* v. *Zavala,* 40 D.P.R. 269, el acreedor hipotecario solicitó que se notificara a una tercera persona que había inscrito su título sobre el inmueble ejecutado en el registro de la propiedad, bajo apercibimiento de que si en el plazo de diez días no pagaba el importe de la hipoteca y liberaba la finca, se ordenaría la cancelación de su inscripción de compra de la misma. Así lo proveyó la corte. Se ordenó más tarde la cancelación solicitada y se dejó luego sin efecto esta orden a petición de la parte interesada. De esta resolución apeló el acreedor hipotecario y esta corte resolvió que un conflicto de esta naturaleza podía solucionarse aplicando los preceptos del artículo 71 de la Ley Hipotecaria. En el caso de *United P. R. Bank* v. *Nieves, Oriente Corp., Interventora, y Vela et al., Opositores,* ante, pág. 74; se presentó una moción en el ejecutivo hipotecario para que se cancelase la inscripción hecha en el registro de la propiedad a favor de una tercera persona sobre el inmueble ejecutado. La corte decretó la cancelación de dicha inscripción y la parte a cuyo favor había sido hecha interpuso recurso de apelación. Este tribunal resolvió la apelación en sus méritos, revocando la resolución de la corte inferior.

Es evidente que la orden apelada fué dictada después de sentencia final. Puede argüirse que se dictó para proteger un derecho adquirido por el acreedor dentro del procedimiento ejecutivo hipotecario y que por esta razón no es apelable. Esta corte ha resuelto, en *Arroyo* v. *Zavala,* supra, que el procedimiento ejecutivo hipotecario no termina con la subasta, sino con la posesión, la escritura y su inscripción. Sin embargo, la verdad es que cuando el acreedor se acoge a los preceptos del artículo 71 de la Ley Hipotecaria, ya la finca ha sido ejecutada y adjudicada en pago de su crédito, y que la corte, para aplicar el artículo 71, tiene que notificar y oír al tercero que haya inscrito su derecho en el re-

gistro. Parece natural que la parte que resulte perjudicada por la decisión de la corte tenga derecho a recurrir de la resolución que se dicte para ser también oída por el tribunal superior. También sostiene el demandante que es frívolo el recurso de apelación interpuesto. Dadas las cuestiones planteadas en este caso, no procede desestimarlo por motivos de frivolidad.

*Debe declararse sin lugar la moción solicitando que se desestime el recurso.*